**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No.: 16-cv-4834 |
| | : | |
| **M AMIR C INC., et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**LYNNE A. SITARSKI**
**U.S. MAGISTRATE JUDGE**                                                                July 13, 2020

Currently pending before the Court is a Motion for Summary Judgment filed by Plaintiff, Joe Hand Promotions, Inc, ("Plaintiff" or "JHP"), against: (1) M Amir, C, Inc, d/b/a Flames House Restaurant ("Defendant Establishment"); and, (2) Mohammed Amir Chughtai ("Defendant Owner") (collectively, "Defendants").  (ECF No. 30).  For the following reasons, summary judgment will be **GRANTED** in part and **DENIED** in part.  Plaintiff has shown summary judgment is appropriate against Defendant Establishment for violating the Communications Act, 47 U.S.C. § 605.  Plaintiff has not established that summary judgment is appropriate against Defendant Owner in his individual capacity.

**I.      STATEMENT OF FACTS**

Plaintiff has the exclusive right to license and distribute Ultimate Fighting Championship® ("UFC") pay-per-view prizefight events to commercial locations throughout the United States.  (Am. Compl., ECF No. 7, at ¶ ¶ 9-10; MSJ, ECF No. 30, at 1-2; Pl. Exhibit A(1), ECF No. 30-3).  "In Pennsylvania, the Events were legally available to commercial establishments only through an agreement with Plaintiff."  (Pl.'s Statement of Undisputed Facts,

ECF. 30-1 at ¶ 7). Commercial establishments that contracted with Plaintiff were required to pay a fee to be authorized to receive the Events for showing in commercial establishments. (MSJ, ECF No. 30, at 5). This fee is typically based on the establishment's capacity. (*Id.*). Defendant Owner is the principal of the Establishment and is named on the liquor license. (MSJ, ECF No. 30, at 4; Pl.'s Exhibit B(2), ECF No. 30-9).

On March 5, 2016, Joe M. Serrano, a licensed private investigator for Plaintiff, entered Defendant's Establishment. (*Id.* at 3; Pl. Exhibit A(3), ECF No. 30-5). Serrano paid no cover charge upon entry, and estimated the capacity to be approximately 150 people. (*Id.*). According to the Affidavit, while at the Establishment, Serrano observed the Defendant showing *Ultimate Fighting Championship® 196: McGregor v. Diaz.* (Pl. Exhibit A(3), ECF No. 30-5). Approximately sixty patrons were present in the Establishment, and the Event was being shown on four large televisions. (*Id*).

On May 14, 2016, Serrano again entered Defendant Establishment and observed a broadcast of *Ultimate Fighting Championship® 198: Werdum v. Miocic.* (Pl. Exhibit A(4), ECF No. 30-6). Serrano paid no cover charge upon entry. (*Id.*). Similarly, this event was being shown on four large televisions with approximately sixty patrons in the Establishment. (*Id.*).

Prior to the Events at issue—UFC 196 and 198—Defendants had the opportunity to contract with Plaintiff to purchase authorization to show the Events in the Establishment for a fee. (Am. Compl., ECF No. 7, at ¶ 12). Plaintiff maintains that Defendants did not enter into a commercial establishment contract with Plaintiff or pay the fee to obtain authorization. (*Id.*). Rather, Defendants obtained the Events through a residential satellite television account that was registered to the address of the Establishment. (*Id.* at ¶ 15; Ex. B(3), ECF No. 30-10). Accordingly, Plaintiff brought this action against Defendants for the unauthorized broadcast

2

under 47 U.S.C. §§ 553 and 605.  Plaintiff brings this Motion for Summary Judgment.  Defendants have not responded to the Motion.

## II.     PROCEDURAL BACKGROUND

Plaintiff initiated this action on September 7, 2016, under the Communications Act, 47 U.S.C. §§ 553, 605, against Defendants alleging commercial piracy of both *Ultimate Fight Championship® 196: McGregor v. Diaz* ("UFC 196") broadcast nationwide on March 5, 2016 and *Ultimate Fight Championship® 198: Werdum v. Miocic* ("UFC 198" and, collectively, "Events") broadcast nationwide on May 14, 2016.  (Compl., ECF No. 1).

Defendants filed an Answer on November 3, 2016.  (Answer, ECF No. 8).  On September 27, 2019, Defendants' counsel filed a Motion to Withdraw due to irreconcilable conflicts; that motion was granted on November 18, 2019.[1]  (Motion, ECF No. 24; Order, ECF No. 28).

On April 4, 2020, Plaintiff filed a Motion for Summary Judgment against Defendants.  (Pl.'s Motion for Summary Judgment, ECF No. 30 (hereinafter "MSJ")).  Defendants filed no response to the Summary Judgment Motion.[2]

---

[1]  Defendant's counsel brought the Motion to Withdraw because counsel maintained that irreconcilable conflict existed and that Defendant failed to pay billing invoices.  (Motion, ECF No. 24, at ¶¶ 4-5). Defendant Owner previously filed a Notice of Chapter 7 Bankruptcy on October 13, 2016. (Notice, ECF No. 6).

[2]  Defendants have not been responsive in this litigation.  Defendants' counsel moved to withdraw because, *inter alia*, Defendants failed to respond to, or pay, counsel, and was consulting with other counsel.  (ECF No. 24).  On November 6, 2019, I held a hearing for Defendants to show cause why their counsel's motion to withdraw should not be granted.  (ECF No. 25-27).  Defendants failed to appear, and have otherwise failed to respond in this litigation.

This Court has subject matter jurisdiction under 28 U.S.C. § 1331, and by designation under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73, upon the parties' consent. (Consent and Order, ECF No. 13).

### III. LEGAL STANDARD

Summary judgment is appropriate only if "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Cunningham v. M & T Bank Corp.*, 814 F.3d 156, 160 (3d Cir. 2016) (quoting Fed. R. Civ. P. 56(a)). To determine whether a movant has met this standard, "the court must view the facts 'in the light most favorable to the non-moving party.'" *N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)). The "court 'may not weigh the evidence or assess credibility.'" *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (quoting *MBIA Ins. Corp. v. Royal Indem. Co.*, 426 F.3d 204, 209 (3d Cir. 2005)).

"A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Cunningham*, 814 F.3d at 160 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). "To be material, a fact must have the potential to alter the outcome of the case." *N. Hudson*, 665 F.3d at 475 (citing *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006)). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Id.*

"After the movant shows that there is no genuine issue for trial, the non-moving party then bears the burden of identifying evidence that creates a genuine dispute regarding material facts." *N. Hudson*, 665 F.3d at 475 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Entry of summary judgment is mandated "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322-23.  In that case, "there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.; J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted).  The non-moving party "must do more than simply show that there are some metaphysical doubts as to the material facts."  *Id.*

"If a party … fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: … (3) grant summary judgment if the motion and supporting materials- including the facts considered- show that the movant is entitled to it."  Fed. R. Civ. P. 56(c)(e)(3).  Local Rule 7.1 states, "[i]n the absence of a timely response, [a] motion may be granted as uncontested except as provided under Fed. R. Civ. P. 56."  Local R. Civ. P. 7.1(c).  "Under Federal Rule of Civil Procedure 56, the court may not enter summary judgment on the basis of the defendant's failure to respond without determining that judgment of the plaintiff is appropriate."  *J&J Sports Prod., Inc. v. Cruz,* No. 14-2496, 2015 WL 2376290, at *2 (E.D. Pa. May 18, 2015).

## IV.   DISCUSSION

Plaintiff contends summary judgment against Defendants is appropriate under 47 U.S.C.

§ 605.[3] (Pl.'s Mot., ECF No. 30). Plaintiff argues Defendants intercepted the broadcasted Events without proper authorization, and shared the broadcast with others. (*Id.*).

### A.  Defendants' Liability Under Title 47 U.S.C. § 605

Section 605(a) of the Communication Act provides, *inter alia,* that:

> [n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). Title 47 U.S.C. 605(a), as stated *supra*, applies to satellite transmissions. *TRK Cable Co.,* 267 F.3d 196, 207 (3d Cir. 2001). "Section 605 provides a civil remedy for the unauthorized use or publication of various wire or radio communications, including encrypted satellite broadcasts." *DIRECTV Inc. v. Seijas,* 508 F.3d 123, 125 (3d Cir. 2007) (*quoting DIRECTV Inc. v. Pepe,* 431 F.3d 162, 164 (3d Cir. 2005)).

"To establish a violation of section 605(a), the plaintiff must prove that the defendants (1) intercepted a broadcast; (2) were not authorized to intercept the broadcast; and (3) showed the broadcast to others." *Chauca,* 2015 WL 7568389, at * 3 (internal citations omitted). Violations of Section 605(a) are strict liability offenses. *See J&J Sports Prod. Inc., v. Martinez, et at.,* No. 13-6886, 2014 WL 5410199, at *3 (E.D. Pa. Oct. 23, 2014); *Chauca,* 2015 WL 7568389, at *3.

---

[3] Plaintiff brought this action pursuant to 47 U.S.C. §§ 553 and 605. (Am. Compl., EFC No. 7, at ¶ 4). Both statutes prohibit the unauthorized interception of communications; however, they apply to different signal types and therefore a "[plaintiff] may not recover under both § 605 and § 553." *J & J Sports Prods., Inc. v. 4326 Kurz, Ltd.*, No. 07-3850, 2008 WL 4630508, at *3 (E.D. Pa. Oct. 17, 2008); *see also TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196 (3d Cir. 2001). "[R]elief under § 605 is available if there is an interception of satellite transmissions, and relief under § 553 is available if there is an interception of the transmissions after they reach the cable system." *4326 Kurz, Ltd.*, 2008 WL 4630508, at *3. Here, Defendant admitted to using satellite transmissions; therefore, we will analyze under § 605. (Ex. B(3), ECF No. 30-10).

Section 605 does not contain a *mens rea* element and therefore courts have concluded it is a strict liability statute. *Chauca,* 2015 WL 7568389, at *3.

The Court will first address the Defendant Establishment's § 605 liability, and will next address the Defendant Owner's § 605 liability.

### 1. Defendant M Amir C Inc. Violated Title 47 U.S.C. § 605(a).

JHP contends that there is no genuine issue of material fact that Defendant M. Amir C, Inc., violated 47 U.S.C. § 605. (MSJ, ECF. No. 30). Defendants have not responded to the Summary Judgment Motion. I conclude summary judgement in favor of Plaintiff is appropriate. Upon consideration of the motion and supporting materials, I conclude that Plaintiff has shown there are no genuine issues of material fact and that Defendant violated § 605, entitling Plaintiff to summary judgment on this claim. Fed. R. Civ. P. 56(c)(e)(3).

In support of their motion against Defendant Establishment, Plaintiff has submitted two affidavits (one for each date the Events were broadcasted) from its investigator Serrano, as well as a Declaration from its president, Joe Hand Jr. (Pl.'s Exhibit A, ECF No. 30-2; Pl.'s Exhibit A(3), EFC No. 30-5; Pl.'s Exhibit A(4), ECF No. 30-6). Plaintiff also attached copies of requests for admissions that it served to Defendants and the answers to those requests provided by Defendant Establishment. (Pl.'s Exhibit B(3), ECF No. 30-10). In addition, JHP submitted their Commercial Licensing Agreement with Zuffa d/b/a/ Ultimate Fighting Championship® granting Plaintiff the sole and exclusive rights to distribute the Events. (Pl.'s Exhibit A(1), ECF No. 30-3).

After review of this evidence, I conclude that JHP has shown that Defendant Establishment violated 47 U.S.C. § 605(a), and summary judgment in favor of Plaintiff and against the Defendant Establishment is appropriate. First, Plaintiff has shown that it had the

proprietary rights to exhibit and license the Events. (Pl.'s Exhibit A(1), ECF No. 30-3).  Plaintiff also established that Defendant Establishment intercepted and broadcasted the Events in the Establishment on March 5, 2016 and on May 14, 2016, without Plaintiff's authorization.  (Pl.'s Exhibit A, ECF No. 30-2; Pl.'s Exhibit A(3), EFC No. 30-5; Pl.'s Exhibit A(4), ECF No. 30-6).  Furthermore, Defendant Establishment admitted the Events were broadcast utilizing a residential satellite television account at their commercial Establishment; thus, it did not pay the requisite commercial broadcast fee.  (Pl.'s Exhibit B(3), ECF No. 30-10, at ¶ 17).  Lastly, Serrano witnessed Defendant broadcasted the Events to others in the Establishment.  (Pl.'s Exhibit A(3), EFC No. 30-5; Pl.'s Exhibit A(4), ECF No. 30-6).

Based on the foregoing, Plaintiff has established that there is no genuine issue of material fact that: (1) Defendants broadcast the Events; (2) Defendant was not authorized by JHP to intercept the broadcast of the Events; and (3) Defendant showed the unauthorized broadcast at the Establishment to others.  Therefore, Plaintiff has established liability against Defendant Establishment under § 605(a).

### 2. Individual Liability of Mohammed Amir Chughtai

JHP asserts that Defendant Owner is individually liable under § 605(a).  (MSJ, ECF No. 30, at 17).  "Under certain circumstances, an individual may be held vicariously liable for § 605 violation committed by his or her co-defendant corporation." *J&J Sports Prod., Inc. v. Hackett,* 268 F. Supp. 3d 658, 662-62 (E.D. Pa. Sept. 6, 2017).  To find individual liability for the Defendant Owner, Plaintiff must prove: "(1) [the] [d]efendant … had both the right and ability to supervise the infringing activity; and (2) [the] [d]efendant … received a direct financial benefit from such activity." *Martinez,* 2014 WL 5410199, at *5; *see also Chauca,* 2015 WL 7568389, at

* 5 (stating financial interest are financial benefits, even if not proportional or precisely calculable, that directly flow from the violative activity.)

On the first prong of individual liability, courts have found that "[a]n individual defendant has the right and ability to supervise [the infringing activity] if they possess dominion, control and/or oversight of the commercial establishment activities." *Martinez,* 2014 WL 5410199, at *5.  "For this prong, 'a plaintiff must allege more than a shareholder's mere right and ability to supervise the corporation's conduct generally . . . The plaintiff must allege the defendant had supervisory power over the infringing conduct itself.'" *Id.* (internal citation omitted).  In order to be individually liable, the individual must authorize the underlying violations. *Id.*

Plaintiff has not produced evidence sufficient to show that Defendant Owner can be held individually liable under § 605.  Plaintiff attempts to establish the requisite authority needed for individual liability under the first prong by arguing Defendant Owner was the principal of the entity, was named on the liquor license, was a defendant in a previous Communications Act case, and used a residential satellite account. (ECF No. 30, at 17).  However, "[i]individual liability requires that 'the individual authorize the underlying violations.'" *Martinez*, 2014 WL 541019, at *5 (internal citations omitted).  Plaintiff reliance on the facts that Defendant Owner is a principal of the Establishment, is identified on the liquor license, and was a defendant in a prior case with the corporation are insufficient to establish authority because these ownership facts do not equate to a direct supervisory power over the infringing conduct itself. *Id.* ("Allegations of ownership of the establishment, without more, are insufficient to establish personal liability"). There is no evidence Defendant Owner was present at the Establishment when either Event was

9

shown or that he personally authorized either broadcast. Without evidence that Defendant Owner had authority over the infringing conduct itself, individual liability cannot be established.

In addition, assuming *arguendo* Plaintiff satisfied the first prong, JHP's claim would fail the second prong of direct financial benefit from the violation. This prong focuses on whether the individual realized financial gain from his conduct. *Martinez,* 2014 WL 5410199, at *6. "[The] standard imposing individual liability requires [the] plaintiff to do more than simply state [that the Defendant] is the sole shareholder." *Id.* When the infringing conduct acts as a draw for customers, this draw need not be substantial, because courts consider a direct financial benefit to be present when the infringing conduct acts as a draw for customers. *Id.*

Here, Plaintiff has not shown Defendant Owner received direct financial benefit from the Events. Plaintiff's investigator Serrano did not pay a cover charge on either night that the Events were broadcast at the Establishment. (Pl.'s Exhibit A(3), EFC No. 30-5; Pl.'s Exhibit A(4), ECF No. 30-6). Plaintiff has not provided evidence that the Establishment had more patrons during the Events than on a normal evening, or that the prices of food and drink were raised during the Events. *Cf. Martinez,* 2014 WL 5410199, at *6 (finding no direct financial benefit where investigator paid no cover charge when entering the bar on the night the violation occurred, no evidence to the bar's number of patrons increased, and no evidence of the food and drink prices.)

Therefore, although the Defendant Establishment is liable for a violation of § 605, on the record presented, the evidence is insufficient to extend individual liability to Defendant Owner.

### B.     Damages

Since the Court has determined Defendant Establishment violated 47 U.S.C. § 605, the Court must next assess damages. Plaintiff requests statutory damages. (*Id.*).[4] Plaintiff also seeks "enhanced" damages pursuant to 47 U.S.C. § 605(e)(3)(C)(iii), which are permitted in a case where "the court determines that the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain." *Martinez,* 2014 WL 5410199, at *8. The Court considers the types of damages separately.

#### 1.     Statutory Damages

JHP elects for statutory damages pursuant to § 605(e)(3)(C)(i)(II). (MSJ, ECF No. 30, at 8). Generally, this section provides that "the party aggrieved may recover an award for damages for each violation of subsection (a) of this section included in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). "The actual amount of damages awarded 'remains within the sound discretion of the court.'" *J&J Sport Prod. Inc., v. Gencarelli, et al.,* No. 10-4375, 2012 WL 4442514, at *1.

"The Third Circuit has not provided a formula for the calculation of statutory or enhanced damages under section 605." *Chauca,* 2015 WL 7568389, at *6. "The statutory damages provision authorizes courts to use their discretion to fashion factors to estimate, rather than compute actual damages." *Cruz,* 2015 WL 2376290, at *5; *See also Hackett,* 268 F.Supp.3d, 663 ("'the aim of statutory damages is to estimate actual damages' and recommend that this estimate be 'a conservative figure that does not simply allow circumvention of actual damages

---

[4] Pursuant to 47 U.S.C. § 605(e)(3)(C)(i), the "[d]amages awarded by any court under this section shall be computed, at the election of the aggrieved party" based on either statutory or actual damages. 47 U.S.C. § 605(e)(3)(C); *Martinez,* 2014 WL 5410199, at *7. Plaintiff has elected statutory damages. (MSJ, ECF No. 30, at 8)

provision proof requirement.'"). Therefore, the Court first considers what the Defendant would have paid in obtaining a lawful license to the Events. *Chauca,* 2015 WL 7568389, at *7. Next, the court may consider "any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages." *Id.* (citing 47 U.S.C. § 605(e)(3)(C)(i)(I)). Plaintiff requests the court awards statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) against the Defendant in the amount of $3,626.00. (MSJ, ECF No. 30, at 8). Plaintiff provided evidence that based on the estimated capacity of the Establishment (150 patrons), JHP would have charged Defendants a licensing fee of $1,313 to lawfully receive and exhibit the Events (showing a fee of $1,313 for establishments with a capacity from 126-150 patrons). (Pl.'s Exhibit A(2), ECF No. 30-4; Pl.'s Exhibit A(3), ECF No. 30-5; Pl.'s Exhibit A(4), ECF No. 30-6). Serrano stated he took two head counts on both nights he entered the Establishment for the Events, with both heads counts reaching 60 patrons on the second count. (Pl.'s Exhibit A(3), ECF No. 30-5; Pl.'s Exhibit A(4), ECF No. 30-6). Serrano did not pay a cover charge to enter the Establishment on either night the Events were playing. (*Id.*).

Plaintiff also argues they should receive additional compensation because they have been "deprived of the 'value, benefits and profits derived' from the authorized broadcasts of the Events at the Establishment to the Establishment's patrons, as well as the value of 'business investment, business opportunities and goodwill.'" (MSJ, ECF No. 30, at 8). Plaintiff alleges that Defendant's actions can potentially erode their customer base because all or some patrons at the Establishment would have been paying patrons at an establishment authorized to broadcast the Events. (*Id.* at 9). Plaintiff argues that "an increase in revenue to these legitimate establishments bolsters the value of the Events, and in turn creates more revenue for Plaintiff." (*Id.*). Furthermore, JHP contends they have suffered damages to their goodwill and reputation as

well as lost its right and ability to control and receive fees for the transmission of the Events, as a result of Defendants violation.  (*Id.* at 11).

The Court will award Plaintiff's requested amount of statutory damages, $3,626.00. Plaintiff is entitled to the licensing fees it did not receive and an additional amount for loss of profits and goodwill, and additional harm suffered as a result of Defendant's actions.  Based on the foregoing, the Plaintiff will be awarded the requested amount of $3,626 in statutory damages.

### 2. Enhanced Damages

In addition to statutory damages, Plaintiff seeks enhanced damages in the amount of $18,130.00, which is equal to five times the requested § 605(e)(C)(i)(II) damages.  (MSJ, ECF No. 30 at 11).  47 U.S.C.§ 605(e)(3)(C)(ii) states:

> In any case in which the court finds that the violation as committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

47 U.S.C.§ 605(e)(3)(C)(ii).

In regard to willfulness, courts have often found the acts of piracy itself evidences intent. Since intercepting broadcast involves some deliberate act, it is almost impossible to do so accidentally.  *Martinez,* 2014 WL 5410199, at *8.  "As to the piracy for commercial advantage or financial gain prong, a court may infer that the violation was for pecuniary gain where the illegal broadcast was made at a place of business as opposed to a private home."  *Id*

"There are 'two predominant methods for calculating enhanced damages [under § 605] in this Circuit.'"  *Joe Hand Promotions, Inc. v. Howell*, No. 18-02318, 2019 WL 1791416 at * 5 (internal citations omitted).  "Some courts apply a multiplier of at least three to six times the award of statutory or actual damages."  *Id.*  Other courts weigh a list of non-exhaustive factors to

assess the amount of enhanced damages, such as whether the defendant repeatedly intercepted broadcasts or reaped significant financial benefits, and whether plaintiff suffered significant actual damages. *Id*.

Plaintiff argues that "Defendants could have not 'innocently' accessed the broadcast of the Events, and therefore it is certain that Defendants specifically and willfully acted to illegally intercept the transmission of the Events for Defendants' commercial advantage." (*Id.* at 12). Plaintiff alleges that Defendants took affirmative action to pass security measures that protect proprietary satellite programming. (*Id.*). In addition, Plaintiff states that Defendants have a history of infringing on Plaintiff's proprietary rights which should also be considered in calculating enhanced damages. (*Id.*). Furthermore, Plaintiff states that the facts surrounding Defendants' repeat violations require that the court impose damages to achieve the statutory goal of deterrence. (*Id.* at 14). For these reasons, Plaintiff requests enhanced damages in the amount of $18,1300 under § 605(e)(3)(C)(ii). (*Id.* at 16).

Here, the Court agrees enhanced damages are warranted, but concludes that a multiplier of three is more appropriate. *Cf. Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 291 (E.D. Pa. 2014) (applying three times multiplier and observing "[a] number of courts have used three as a baseline multiplier"); *Cruz*, 2015 WL 2376051, at *7 (applying three times multiplier). Defendant is a repeat violator and willfully intercepted the Events, but a five times multiplier "would result in a gross overcompensation of Plaintiff[.]" *Howell*, 2019 WL 1791416, at *6 (quoting *Martinez*, 2014 WL 5410199 at * 9). While Defendant Establishment has admitted to broadcasting the Events through a residential satellite at the commercial establishment, (*See* Pl.'s Exhibit B(3), ECF No. 30-10, at ¶¶ 12, 17), there is no evidence of significant gain such as a cover charge or evidence that food and drink prices were raised due to the broadcast of the

Events.  *Cf. Hackett,* 268 F. Supp. 3d at 666 (reducing multiplier amount because Plaintiff "failed to produce any evidence of Defendants' commercial advantage or gain.").  The Court agrees enhanced damages are warranted for the repeat offenses and for future deterrence, but will reduce the multiplier from five to three.  Therefore, the Court imposes an award of enhanced damages equal to three times the statutory damages award resulting in the amount of $10,878.00.

### C.    Cost & Attorney's Fees

"Where a plaintiff prevails on a claim under 47 U.S.C. § 605 (a) or § 605(e)(4), the court 'shall direct the recovery of full cost, including awarding reasonable attorneys' fees to an aggrieved party who prevails." *Martinez,* 2014 Wl 5410199, at * 9; *see also* 47 U.S.C § 605(e)(3)(B)(iii).  Plaintiff seeks an award of cost and attorney's fees and requests leave to file a Fee Affidavit after judgment is entered.  (MSJ, ECF No. 30, at 17).  Since Plaintiff is entitled to attorneys' fees and cost, the Court grants their request for leave.  Plaintiff shall file a motion for attorneys' fees and costs within 14 days.

### V.    CONCLUSION

For the reasons set forth above, the Court grants summary judgment in favor of Plaintiff and against the Defendant Establishment. The Plaintiff is awarded damages in the amount of $14,504.  To the extent that Plaintiff seeks summary judgment against Defendant Owner, however, the Motion is denied.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge